69 F.3d 555
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Iola D. ELLIS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3428.
 United States Court of Appeals, Federal Circuit.
 Oct. 23, 1995.
 
 Before ARCHER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The decision of the Merit Systems Protection Board ("Board"), affirming the Office of Personnel Management ("OPM") final reconsideration decision that denied the petitioner Iola D. Ellis survivor benefits under the Civil Service Retirement System, is affirmed.
 
 OPINION
 I.
 
 2
 Ms. Ellis' former husband, from whom she was divorced in 1977, retired from federal service in October 1990. On his retirement, he elected "an annuity payable during [his] lifetime" which did not provide a survivor annuity. After his death in April 1991, the government paid his son a lump-sum death benefit.
 
 
 3
 In June 1993 Ms. Ellis sought survivor annuity benefits. In its final reconsideration decision, OPM explained that she was not eligible for those benefits because (1) under the governing statute, those benefits were payable only to former spouses of employees who had retired prior to May 7, 1985; (2) her former husband had not retired until October 19, 1990; and (3) she would be eligible for such benefits only if her former husband had elected a survivorship annuity when he retired, which he had not done.
 
 
 4
 The Board affirmed, ruling that Ms. Ellis "was not entitled to benefits under the [Civil Service Retirement System] because she failed to satisfy the statutory and regulatory requirements." The Board stated that the "controlling facts" were that her former spouse retired after May 7, 1985, and that the former spouse did not elect a survivor annuity upon retirement. The Board also pointed out that "unfortunately, the applicable statutes and regulations do not provide for waiving the requirements because of hardship," which her representative had urged the Board to do.
 
 II.
 
 5
 Before this court Ms. Ellis challenges the denial of a survivor's annuity on two grounds: (1) Her former husband was incompetent at the time he elected not to provide a survivor's annuity for her or designate her as the lump-sum beneficiary; (2) her divorce from her former husband was invalid, and she therefore is his widow and, as such, is entitled to a survivor annuity and the lump-sum benefits.
 
 
 6
 Ms. Ellis did not raise either of these contentions before OPM, and the Board therefore properly declined to consider them because matters that were not raised below cannot be raised for the first time on appeal. See Bernal v. Office of Personnel Management, 53 M.S.P.R. 292, 294 (1992) (refusing to consider issues not raised before OPM). Moreover, the record contains no factual support for her claim that her former husband was incompetent at the time of his retirement and therefore was unable to elect a survivorship annuity or to designate her as a lump-sum beneficiary. Finally, the Board properly refused to consider her claim that her divorce was invalid for the additional reason that neither OPM nor the Board is authorized to invalidate a state divorce decree on the grounds on which Ms. Ellis challenges it. Hyde v. Office of Personnel Management, 40 M.S.P.R. 204, 207 (1989).